UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT SHIPP, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LIBBY SCHAAF, et al.,<br><br>    Defendants. | Case No. 19-cv-01709-JST<br><br>**ORDER GRANTING MOTIONS FOR TEMPORARY RESTRAINING ORDER, TO PROCEED IFP, AND FOR ELECTRONIC CASE FILING; ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION**<br><br>Re: ECF Nos. 2, 3, 4, 7, 8, 9 |

Plaintiffs Brent Shipp and Eric De Guzman bring this action pro se against the City of Oakland, the City's Department of Public Works, Mayor Libby Schaaf, and Assistant to the City Administrator Joe DeVries under 42 U.S.C. § 1983, asserting violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution based on the City's previous evictions of various homeless encampments in Oakland where Plaintiffs have resided and their threatened eviction of the encampment where Plaintiffs reside now. ECF No. 1. Plaintiffs seek a temporary restraining order and preliminary injunction to halt the threatened eviction. For the reasons that follow, the Court will grant the temporary restraining order.

## I.    BACKGROUND[1]

The City of Oakland has enacted ordinances recognizing "that a shelter crisis exists due to a 'significant number of persons . . . without the ability to obtain shelter, resulting in a threat to their health and safety.'" ECF No. 1-2 (February 13, 2019 memo from City Council President Rebecca Kaplan) at 1. As part of its response to this crisis, the city's Public Works Department has a Standard Operating Procedure ("S.O.P.") regarding the removal of homeless encampments

---

[1] The following facts are taken from the allegations of the complaint.

from public rights-of-way, parks, and City-owned property. ECF No. 1-2 at 10. The S.O.P. contemplates that sometimes the belongings of homeless persons will be removed when homeless encampments are cleared, and states that the S.O.P.'s "guidelines must be followed to protect the constitutional rights of persons whose personal property remains at these locations." *Id.* As relevant here, the required procedures include the following:

- "City personnel shall not prevent occupants from retrieving their belongings before vacating the encampment site."

- "City personnel shall not confiscate or remove belongings from site when the occupant is present, absent a reasonable belief that the belongings are an immediate threat to public health and safety or are evidence of a crime or contraband."

- "[The Public Works Agency] shall itemize the belongings collected and include the location, date, and time of collection on the itemization form."[2]

- Public Works will store the collected belongings at a Public Works facility for at least ninety (90) days.

Plaintiffs Shipp and De Guzman live in a homeless encampment located at East 12th Street and 16th Avenue in the City of Oakland. They have lived in homeless encampments in other locations in the City from which they were evicted and their belongings were seized. They allege that Oakland violates its own policy by disposing of homeless persons' belongings improperly. They "want the City of Oakland to follow their so called policy and stop throwing away people's belongings . . . [and] do the job they are paid to do & bag, tag and & store our belongings for 90 days." ECF No. 1 at 5. They contend that Oakland's actions violate their constitutional rights under the Fourth, Eighth, and Fourteenth Amendments to the Constitution.

On March 29, 2019, Oakland's Department of Public Works posted a notice that public works crews would "temporarily close the encampment" in the median on East 12th Street from 14th to 19th Avenues "between the hours of 8 AM and 4 PM" on Wednesday, April 3, 2019, or on

---

[2] There is an exception for "belongings that are considered to be clearly trash or are unsafe for storage, such as food or food wrappers, soiled items, or used personal hygiene items." *Id.* Public works employees are directed to "immediately dispose of" such items. *Id.*

2

1    the next business day, "to clean the site thoroughly." ECF No. 3 at 3. The notice further

2    cautioned that "[a]ny property left at this site at the time of cleanup will be removed from the site

3    and stored by Public Works. Property that is unsafe or hazardous to store will be discarded

4    immediately." *Id.*

5    Shipp and De Guzman seek a temporary restraining order to prevent this temporary

6    closure. *Id.* at 1. Referring to the City's past history of closing similar encampments, they assert

7    in their complaint that "[t]hese eviction[s] cause us depression, anxiety, trauma, stress. We go

8    thru [sic] emotional & mental distress. We lose important paperwork, family photos, medication,

9    IDs, & personal property at every eviction . . . ." ECF No. 1 at 5.

## II.  LEGAL STANDARD

The Court applies a familiar four-factor test on both a motion for a temporary restraining order and a motion for a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing [has been] made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Assuming that this threshold has been met, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

/ / /

/ / /

**III. MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR ELECTRONIC CASE FILING**

Plaintiffs both move to proceed in forma pauperis and for electronic case filing. ECF Nos. 2, 4, 8, 9. A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. 28 U.S.C. § 1915(a). Here, Plaintiffs have submitted the required documentation, and it is evident from their applications that their assets and income are insufficient to enable them to pay the filing fees. ECF Nos. 2, 4. Accordingly, Shipp and De Guzman's motions to proceed in forma pauperis are GRANTED.

The Court also GRANTS Plaintiffs' motions for electronic case filing.

**IV. ANALYSIS**

Turning to the Plaintiffs' request for a temporary restraining order, the Court finds that Plaintiffs have demonstrated a likelihood of irreparable injury from the destruction of their personal property, that the balance of hardships tips sharply in their favor, and that the injunction is in the public interest. Given Plaintiffs' allegation that Oakland does not follow its stated policy of safeguarding the belongings of homeless persons when it removes homeless encampments from public property, the Court also finds there are at least serious questions going to the merits regarding Plaintiffs' legal claims. "Because homeless persons' unabandoned possessions are 'property' within the meaning of the Fourteenth Amendment, the City must comport with the requirements of the Fourteenth Amendment's due process clause if it wishes to take and destroy them." *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1032 (9th Cir. 2012).

The Court notes there is no evidence that Plaintiffs gave notice before filing their motion. Civil Local Rule 65-1(b) provides, "Unless relieved by order of a Judge for good cause shown, on or before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Civ. L.R. 65-1(b). And Rule 65 of the Federal Rules of Civil Procedure states that a court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that

4

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

In this case, there is no evidence that Plaintiffs gave notice to Defendants before seeking a temporary restraining order. However, if this Court does not act, Oakland will remove their belongings tomorrow. As another judge of this court, faced with similar circumstances, recently observed,

> It is not clear to the Court why Plaintiffs waited until little before 12 hours before the potential clearing to file this action, when they received the notice several days ago. Nevertheless, the Court finds that Plaintiffs have clearly shown that immediate and irreparable injury – specifically the removal of plaintiffs and their belongings from the place they are now living – will occur before the Defendants can be heard in opposition. Based on the timing of the noticed action, by the time the papers could be served and a hearing held, Plaintiffs' claims would essentially be moot.

*Miralle v. City of Oakland*, Case No. 18-cv-06823-HSG, ECF No. 20 at 2 (Nov. 9, 2018); *see also Hung v. Schaaf*, Case No. 19-cv-01436-CRB, ECF No. 18 at 2 ("In any event, Plaintiffs have demonstrated they face immediate and irreparable injury in the form of a loss of their homes and possession and the possibility of criminal sanction, before the Court has had the opportunity to hear from Defendants in this matter. Further, as the Plaintiffs are pro se, it is unclear whether Rule 65(b)(1)(B)'s requirements, which impose a duty on 'the movant's attorney,' apply here. Given the imminent nature of the challenged action and resulting irreparable harm shown, the Court finds that the requirements of Rule 65(b)(1) are met.").

This Court reaches the same conclusion here as its colleague courts and finds that a temporary restraining order may issue without notice.

Accordingly, the Court GRANTS Plaintiffs' motion for a temporary restraining order enjoining Defendants from vacating the homeless encampment located at East 12th Street and 16th Avenue for 14 days, until April 16, 2019. This order is entered at 9:00 p.m. on April 2, 2019.

### ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Defendants, and each of them, is hereby ORDERED TO SHOW CAUSE on April 15, 2019, at 9:30 a.m., or as soon thereafter as counsel may be heard in the courtroom of the

1 Honorable Jon S. Tigar, located at 450 Golden Gate Avenue, San Francisco, California, why they, and each of them, and their officers, agents, servants, employees, and attorneys, and any other person or entity subject to their control or acting directly or indirectly in concert or participation with Defendants, should not be enjoined from taking any action to vacate the homeless encampment located at East 12th Street and 16th Avenue, pending the final disposition of this action. Defendants' opposition to the motion for preliminary injunction is due April 8, 2019. Plaintiffs' optional reply is due April 11, 2019.

Rule 65(c) of the Federal Rules of Civil Procedure provides that a district court may grant a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). The district court retains discretion "as to the amount of security required, *if any.*" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). In this case, the Court concludes that requiring Plaintiffs, who are homeless, to post a bond would be tantamount to denying them relief. Accordingly, the Court finds it appropriate to waive a bond.

The Clerk is DIRECTED to serve this Order on Plaintiffs by email at maowunyo@gmail.com, deguzmaneric58@gmail.com, and popeye1977342@aol.com. The Clerk is further DIRECTED to serve this order, the complaint, ECF No. 1, and the motions for a temporary restraining order and preliminary injunction, ECF Nos. 3 and 7, on Defendants Libby Schaaf at officeofthemayor@oaklandnet.com and Joe DeVries at jdevries@oaklandnet.com. Plaintiffs are responsible for serving the complaint, ECF No. 1, the motions for a temporary restraining order and preliminary injunction, ECF Nos. 3 and 7, and this order on Defendants Department of Public Works and City of Oakland.

**IT IS SO ORDERED.**

Dated: April 2, 2019

JON S. TIGAR
United States District Judge