UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT SHIPP, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>LIBBY SCHAAF, et al.,<br><br>   Defendants. | Case No. 19-cv-01709-JST<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 25 |

Before the Court is Defendants' (collectively, the "City") motion to dismiss this action as moot. ECF No. 25. The Court will deny the motion.

## I. BACKGROUND

Pro se Plaintiffs Brent Shipp and Eric De Guzman initially filed this action on April 2, 2019. ECF No. 1. Plaintiffs, who were unhoused at the time and living in an encampment located at East 12th Street and 16th Avenue in the City of Oakland, brought claims under the Fourth, Eighth, and Fourteenth Amendments. *Id.* at 3. In explaining the relief sought, Plaintiffs stated: "We want the City of Oakland to stop evicting us [and] shuffling us around until they have safe, dignified, permanent housing for us. If they can't house us they must leave us alone. In the case of evictions, we want the City of Oakland to follow their so called policy and stop throwing away people's belongings." *Id.* at 5.

Plaintiffs simultaneously filed a motion for a temporary restraining order ("TRO") and preliminary injunction on an ex parte basis, citing the City's plan to temporarily close the encampment on April 3, 2019, to conduct a "clean and clear" operation. ECF No. 3. The Court granted the motion for a TRO that day and ordered the City to show cause why a preliminary injunction should not issue. ECF No. 11. After hearing from the City, the Court held a hearing on

April 16, 2019. ECF No. 16. The Court denied the motion for a preliminary injunction. ECF No. 17.

On May 13, 2019, the City moved to dismiss this action, arguing that Plaintiffs' claims had become moot after the City conducted two "clean and clear" operations on April 30, 2019, and May 8, 2019. ECF No. 25. Plaintiffs did not file an opposition. The Court held a hearing on August 1, 2019.

## II. LEGAL STANDARD

The doctrine of mootness requires a court to dismiss a case "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). Mootness is a high bar, however, and a case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (quoting *Knox*, 567 U.S. at 307-08).

In addition, there are two recognized exceptions to the mootness doctrine. First, "voluntary cessation of a challenged practice does not moot a case unless 'subsequent events ma[ke] it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017) (alteration in original) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). Second, a case is not moot where the dispute is "capable of repetition, yet evading review." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (citation omitted). This exception applies "if (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1540 (2018) (quoting *Turner v. Rogers*, 564 U.S. 431, 440 (2011)).

## III. DISCUSSION

With its motion, the City submitted a declaration stating that it conducted a clean and clear

2

of Plaintiffs' encampment on two days, beginning on April 30, 2019, and completing the cleaning on May 8, 2019. ECF No. 25-1 ¶ 9. Further, the City represents that "there is no imminent plan or intent to 'clean and clear' this homeless encampment again after the May 8, 2019 cleaning." *Id.* ¶ 11. In the City's June 6, 2019 reply, it likewise stated that there had been no change in those plans. ECF No. 27 at 2. Accordingly, the City argues, this case is now moot because the temporary closure has taken place and the City has no plans to conduct another operation at this encampment again. ECF No. 25 at 5-7.

The City's position has some appeal, and Plaintiffs' failure to file an opposition or appear at the hearing suggests that this case may be moot for practical purposes. Nonetheless, the City's motion unduly focuses on the specific injunctive relief Plaintiffs sought at the start of this case, without looking to their complaint as a whole. Given Plaintiffs' pro se status, the complaint is understandably ambiguous. But the gravamen of the complaint broadly contests the City's general practices related to encampments for the unhoused. *Cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). For instance, Plaintiffs state that "[w]e want the City of Oakland to stop evicting us [and] shuffling us around until they have safe, dignified, permanent housing for us." ECF No. 1 at 5. This broad request contradicts the notion that the only relief Plaintiffs sought was to enjoin a single operation. So construed, it is not "impossible for a court to grant any effectual relief whatever" on Plaintiffs' claims. *Chafin*, 568 U.S. at 172 (citation omitted).[1]

Even were the Court to construe this dispute more narrowly, the City's motion fails to address the voluntary cessation exception to mootness. "The 'heavy burden of persua[ding]' the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness," and the City has not carried its burden. *Laidlaw*, 528 U.S. at 189 (alteration in original) (citation omitted). The City has pointed to no binding change in policy that

---

[1] The City's reliance on the contention that operation did not "result[] in the property destruction that [Plaintiffs] alleged would happen," ECF No. 25, is misplaced. That evidence goes to the merits of Plaintiffs' claim that the City does not follow its policies, not whether this action is moot.

3

would prevent it from conducting either temporary or permanent closures at Plaintiffs' encampment in the future, nor any external events that would make such an operation unlikely. *See Trinity Lutheran*, 137 S. Ct. at 2019 n.1 (explaining that action was not moot where agency could simply "revert to its policy"). Instead, its misapprehends this burden when it states that "although Mr. De Guzman and Mr. Shipp may be subjected to future 'clean and clear' interventions, there is no evidence that it is reasonably probable that the City will not follow its policy and procedures or that the "clean and clear" will result in improper personal property destruction." Because the burden of showing mootness falls on the City, the absence of any evidence is not helpful to its position.

The Court need not address the capable of repetition exception in detail, but makes two points. First, the City provides 72 hours of notice prior to a closure. The fact that the parties were able to obtain initial consideration of the merits through ex parte injunctive relief on an emergency basis does not mean that a closure operation's duration is sufficient "to be fully litigated prior to its cessation or expiration," *Sanchez-Gomez*, 138 S. Ct. at 1540 (citation omitted), because the Court's consideration of a TRO request does not mean the issues have been "fully litigated." *See Doe v. Harris*, No. C12-5713 TEH, 2012 WL 6101870, at *1 n.3 (N.D. Cal. Nov. 7, 2012) ("The Court recognizes that Defendants have not had an opportunity to be fully heard on these issues, and the Court's grant of a TRO shall not be considered any indication of the Court's views of the merits of the issues raised by Plaintiffs or whether, after further briefing, the Court will grant preliminary injunctive relief."). If a same-day TRO could suffice for these purposes, then almost no action would ever be capable of "evading review." Second, there is effectively no evidentiary record from which the Court could evaluate whether "there is a reasonable expectation that [Plaintiffs] will be subjected to the same action again." *Id.* (citation omitted).

Accordingly, this action is not moot.

## CONCLUSION

For the foregoing reasons, the Court denies the City's motion to dismiss. Although the Court cannot find mootness on the current record, it recognizes that the circumstances of this case – particularly the lack of communication from Plaintiffs since the Court denied their preliminary

4

injunction motion – suggest that Plaintiffs may in fact no longer seek any relief.

Accordingly, the Court hereby ORDERS Plaintiffs to attend the case management conference currently scheduled for 2:00 p.m. on September 24, 2019, in Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California 94612.  Failure to do so, or failure to otherwise comply with this order, will result in dismissal with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which means that Plaintiffs will not be allowed to pursue their claims any further.

**IT IS SO ORDERED.**

Dated:  August 15, 2019



JON S. TIGAR
United States District Judge